IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WILLIAM WHITEHEAD, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:20-CV-420 |
| § | |
| UNITED PROPERTY AND CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| *Defendant*. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. 636(b)(1)(A) and (3) and the Local Rules for the United States District Court for the Eastern District of Texas, the district court referred the following motions to the undersigned United States magistrate judge for consideration and disposition: Defendant's Motion for Protective Order and Plaintiff's Motion to Compel Written Discovery Responses, Production of Documents, Production of UPC's Adjusters for Oral Deposition and For Sanctions. (Doc. #15, #20.)  Pending before the court is Plaintiff's request for attorney's fees and sanctions related to these two motions.  (Doc. #20.)

### I.   Procedural and Factual Background

On September 18, 2020, Plaintiff William Whitehead ("Whitehead" or "Plaintiff") filed his Original Petition, First Set of Interrogatories, and First Set of Requests for Production of Documents against his insurance company, Defendant United Property and Casualty Insurance Company ("UPC" or "Defendant"), because of wind damage to his home from Tropical Storm Imelda.  (Doc. #1.)  Defendant UPC filed its Original Answer and removed the case to federal court.  (Doc. #1.)

1

The parties began the discovery process and on February 1, 2021, Defendant responded to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. Roughly one week later, Defendant changed counsel. (Doc. #9.) Under new counsel, Defendant filed its Amended Answer to Plaintiff's Original Petition. (Doc. #10.)

The parties first attempt at mediation, in August 2021, resulted in an impasse. (Doc. #12, p. 1.) After the unsuccessful mediation, and various other discovery delays, Plaintiff filed his First Unopposed Motion to Continue. (Doc. #12.) In its First Amended Scheduling Order, the court granted the motion to continue, extended the discovery deadline to March 15, 2022, and reset the trial date to June 8, 2022. (Doc. #13.)

On March 7, 2022, Defendant filed a Motion for Protective Order to Limit Plaintiff's Third Amended Notice of Oral Deposition of Defendant UPC two and a half hours before the scheduled start of the deposition. (Doc. #15, #16.) With the motion pending, the parties moved forward in a limited capacity with the scheduled deposition of UPC's corporate representative. Thereafter, Plaintiff filed a second Unopposed Motion to Continue (doc. #18), which the court granted and extended the discovery deadline to April 15, 2022. (Doc. #19.) Plaintiff then filed his Motion to Compel Written Discovery Responses, Production of Documents, Production of UPC's Adjusters for Oral Deposition and For Sanctions on March 22, 2022. (Doc. #20.) Defendant UPC did not respond to Plaintiff's motion.

The undersigned conducted a hearing on Defendant UPC's Motion for Protective Order and Plaintiff's Motion to Compel and For Sanctions on April 12, 2022. Present at the hearing were Plaintiff's counsel and Defendant's counsel. However, the author of Defendant's Motion for Protective Order was not present, as she is apparently now no longer employed with the firm. The author of the objections to written discovery at issue was also not present as the objections had

been prepared by previous counsel. Each party presented its motion and response. The undersigned ruled from the bench on each of the specific discovery matters asserted in the motions and issued an order stating the same. (Doc. #26.) The undersigned reserved further analysis of Plaintiff's request for attorney's fees or sanctions for a Report and Recommendation.

## II. Discussion and Analysis

### A. Defendant's Motion for Protection

Email correspondence reveals that in May 2021, Plaintiff began requesting the deposition of UPC's corporate representative and the two adjusters involved in this claim.[1] (Doc. #20, Ex. F, p.1.) In July 2021, Plaintiff sent his initial list of topics specific to the corporate representative's deposition. (Doc. #20, Ex. F, p.1.) In late August 2021, after the mediation resulted in an impasse, Plaintiff's counsel again attempted to schedule depositions with Defendant UPC, with no response. (Doc. #20, Ex. F, p. 1.)

By December 2021, Plaintiff's counsel's persistent attempts to request deposition dates prevailed, in part. (Doc. #20, Ex. G.) The deposition of UPC's corporate representative was set for January 26, 2022, and Plaintiff's counsel served its Notice of Deposition to Defendant UPC with the proposed 44 topics to be covered. (Doc. #20, Ex. G.)

On January 26, 2022, prior to the start of the deposition, Defendant's counsel requested a rescheduling because they had failed to properly calendar the deposition. (Doc. #21, Ex. F.) The deposition was rescheduled for February 9, 2022. (Doc. #21, Ex. F.) On the morning of the 9th, again Defendant's counsel called and requested a rescheduling due to a scheduling conflict. (Doc. #21, Ex. G.) The deposition was rescheduled for February 17, 2022. (Doc. #21, Ex. I.)

---

[1] By this point in time, Defendant was represented by its current counsel.

Yet again, on the morning of February 17th, 30 minutes before the scheduled start of the deposition, Defendant's counsel requested another reschedule, claiming now that the deponent had a scheduling conflict. The deposition was finally set for Thursday, March 7, 2022, at 10:00 a.m.

On the morning of March 7, 2022, Defendant's counsel filed its Motion for Protection to Limit Plaintiff's Third Amended Notice of Oral Deposition of Defendant UPC. (Doc. #15.) The motion for protection was not only filed two and a half hours prior to the commencement of the deposition, but it was filed without any attempt to "meet and confer" with opposing counsel. Contained within the motion for protection was an objection to every topic listed.

The rules of procedure in any proceeding in this court are those prescribed by the laws of the United States, the Federal Rules of Civil Procedure, the local rules, and any orders entered by the court. E.D. TEX. L. R. CV-1. Rule 26 allows a party to move for a protective order, however, the move must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party to resolve the dispute without court action. FED. R. CIV. P. 26(c)(1). Additionally, the Eastern District of Texas Local Rules have a robust "meet and confer" requirement that governs discovery motion practice, containing two components. The first is a substantive component:

> The substantive component in any discovery-related motion requires, at a minimum, a personal conference, by telephone or in person, between the counsel for the movant and the counsel for the non-movant. In the personal conference, the participants must give each other the opportunity to express their views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> With discovery-related matters, the discussion shall consider, among other things: (1) whether and to what extent the requested material would be admissible in a trial or is reasonably calculated to lead to the discovery of admissible evidence; (2) the burden and costs imposed on the responding party; (3) the possibility of cost-

> shifting or sharing; and (4) the expectations of the court in ensuring that parties fully cooperate in discovery of relevant information.
>
> Except as otherwise provided by this rule, a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.
>
> Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.

E.D. TEX. L. R. CV-7(h).

> The second component is procedural:
>
> The procedural component requires certification. All motions, except as listed[2], must be accompanied by a "certificate of conference" at the end of the motion following the certificate of service. The certificate must state: (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) whether the motion is opposed or unopposed. Opposed motions shall include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s) or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. In discovery-related motions, the certificate of conference shall be signed by counsel. Where there is an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith.

E.D. TEX. L. R. CV-7(i).

Here, the evidence revealed Defendant's counsel made no attempt to meet and confer before filing the motion for protection and did not even bother to include a certificate of conference

---

[2] The following motions are exempt from the procedural component requirement of a Certificate of Conference, motions: 1) to dismiss; 2) for judgments on the pleadings; 3) for summary judgment, including motions for partial summary judgment; 4) for judgment as a matter of law; 5) for new trial; 6) issuance of letters rogatory; 7) objections to report and recommendations of magistrate judges or special matters; 8) for reconsideration; 9) for sanctions under FRCP 11; 10) writs of garnishment; and 11) any enforcement remedy provided for by the Federal Debt Collection Procedure Act, 28 U.S.C. § 3101, *et seq*.

in the motion. Thus, Defendant's motion for protection was filed without fulfilling either of the two components of the local rule. Moreover, it is clear to the undersigned that defense counsel's repeated rescheduling of the deposition followed by last minute, boilerplate objections to each topic was predicated on her desire to obstruct the taking of the corporate representative's deposition. Counsel's motion for protective order included improper citations to state law cases regarding discovery, cited irrelevant federal cases, regurgitated almost entirely boilerplate objections to the deposition topics without merit, sought to prevent the sworn testimony regarding the Defendant's contentions and affirmative defenses, and inappropriately attempted to limit the testimony to only documents supporting the Defendant's claims. With few exceptions, the undersigned overruled virtually every objection. Of the few topics which the undersigned limited in scope – a proper meet and confer as required by the local rules and FED. R. CIV. P. 26(a) likely would have cured.

### B. Plaintiff's Motion to Compel

At the evidentiary hearing, Plaintiff presented evidence of his repeated attempts to engage Defendant's counsel in a discussion concerning the objections served in response to written discovery, to inquire why documents were produced in Initial Disclosure that were fully redacted without any designation of privilege, and to discuss his repeated attempts to schedule the depositions of two fact witnesses – the adjusters handling his claim. From review of the evidence presented by both parties, the undersigned concludes that the Defendant's counsel failed to properly engage in the discovery process as discussed below.

1. Request for Productions

Defendant repeatedly asserted the following objection to 28 of the 44 requests for production:

>   RESPONSE:
>
>   Defendant objects to this request because it is overly broad, vague, seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and amounts to a fishing expedition. *See Martin v. Allstate Ins. Co.,* 292 F.R.D. 361, 367 (N.D. Tex. 2013); *Conboy v. Edward D. Jones & Co.,* CIV.A. 303CV2352P, 2004 WL 1792372, at *5 (N.D. Tex. Aug. 10, 2004), *aff'd sub nom. Conboy v. Edward D. Jones & Co., L.P.,* 140 Fed. Appx. 510 (5th Cir. 2005); *See In re Nat'l Lloyds Ins. Co.,* 449 S.W.3d 486, 489 (Tex. 2014). Defendant further objects to this request because it calls for information beyond the scope of authorized discovery and seeks disclosure of information, which is irrelevant, and would violate the privacy rights of Defendant's employees and customers. *See Norton v. Assisted Living Concepts, Inc.,* 786 F.Supp.2d 1173, 1181 (E.D. Tex. 2011); *Beasley v. First Am. Real Estate Info. Services, Inc.,* 3-04-CV-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005); *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 489 (Tex. 2014).
>
>   Defendant further objects to this request because it exceeds the scope of authorized discovery by seeking documents beyond the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Defendant is only obligated to provide a copy—or a description by category and location—of documents in its possession, custody, or control that it may use to support its claims or defenses. Defendant also objects to this request because it is so overly broad that it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.
>
>   (*Defendant's Objections and Responses to Plaintiff's Request for Production* Doc. #20, Ex. B.)

No documents were provided in response to these requests, nor was any privilege log provided explaining what documents, if any, were being withheld based on these objections or claims of privilege.

As explained at the hearing, the undersigned concluded that these objections were improperly lodged. First, the portion of the objection that states "overbroad, unduly burdensome, and asserts relevance" is boilerplate. "Boilerplate" means "standardized text" or "ready-made or all-purpose language." *Boilerplate*, BLACK'S LAW DICTIONARY (10th ed. 2014). It is well-established that parties cannot make general or boilerplate objections to discovery requests. *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); *Star Creek Ctr, LLC v. Seneca Ins. Co.,*

*Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *3 (E.D. Tex. Apr. 23, 3018). Here, no explanation was provided as to how the requests were overbroad, unduly burdensome or irrelevant; thus, such objections are improper.

Next, when asked at the hearing to explain how the cases cited in the objection applied to the various requests, Defendant's counsel could not answer.

Moreover, the objection that a defendant is only required to provide documents that "it may use to support its claim or defense" is simply false. Indeed, as explained at the hearing, the rules of civil procedure require the production of documents relevant to any party's claim or defense and the Eastern District Local Rules provide guidance on this issue:

> d) **Relevant to Any Party's Claim or Defense**. The following observations are provided for counsel's guidance in evaluating whether a particular piece of information is "relevant to any party's claim or defense:"
>
> (1) it includes information that would not support the disclosing parties' contentions;
> (2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
> (3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;
> (4) it is information that deserves to be considered in the preparation, evaluation, or trial of a claim or defense; and
> (5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

E. D. TEX. L. R. CV-26)(d).

Counsel's objection that a party is only required to produce documents that it intends to use to support its claims or defenses, again, is an improper view of a party's discovery obligations.

Finally, as explained at the hearing, the objections improperly assert attorney-client or work privilege without a privilege log. Pursuant to Rule 26(b)(5), when a party withholding information, otherwise discoverable,, by claiming that the information is privileged or subject to protection, that party shall state in a privilege log the nature of the claim of privilege or protection

and describe generally the type and nature of the document, the date of the document, the identity of the author(s) and their address(es), and any recipients of the document, the document's present location, and any other information that will enable Plaintiff and the court to assess the applicability of the privilege or protection. FED. R. CIV. P. 26(b)(5). The undersigned concludes that the failure to distinguish withheld or privileged documents on a privilege log leaving Plaintiff to simply guess if Defendant is withholding relevant documents is, again, an improper discovery tactic.

2. First Set of Interrogatories

As part of his motion to compel, Plaintiff complained that Defendant failed to verify its answers under oath and his requests for verified answers went unheeded. This is improper. Rule 33(b)(3) requires that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. FED. R. CIV. P. 33(b)(3). The rule further adds that the person who makes the answers must sign them, and the attorney who objects must sign any objections. FED. R. CIV. P. 33(b)(5); *W.H. Wall Fam. Holdings LLLP v. CeloNova Biosciences, Inc.,* No. 1:18-CV-303-LY, 2020 WL 1644003, at *4 (W.D. Tex. Apr. 2, 2020); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 293 (N.D. Tex. 2017) (ordering defendant to serve a verification that complies with Rule 33(b)(3)'s "under oath" requirement).

Further, Defendant's counsel repeated the same style of boilerplate objections that it used in the responses to requests for production, claiming the interrogatories sought irrelevant information without explanation, cited case law having no relationship to the requested information, and directed Plaintiff to find the answers in "documents produced and in Initial Disclosures" without any reference to any specific document.

In general, Defendant's objections to the interrogatory showed the same disdain to Plaintiff's right to obtain relevant discovery as did the objections to requests for production. By way of example, in response to the standard interrogatory that asks a party to identify the person answering the interrogatories, after asserting relevance, privacy and privilege objections to the answer, Defendant responded as follows: "subject to these objections, Defendant is a corporation and the information provided in these interrogatory answers was gathered from many sources." This is not an appropriate answer. *See Heller v. City of Dallas*, 303 F.R.D 466, 480 (N.D. Tex. 2014). Additionally, the use of the phrase "subject to" following a general objection is also inappropriate. "This age-old practice is confusing at best, and misleading at worse, and has no basis at all in the Federal Rules of Civil Procedure." *Keycorp v. Holland,* No. 3:16-cv-1948-D, 2016 WL 6277813, at *11 (N.D. Tex. Oct. 26, 2016) (quoting *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015). Such an objection and answer "leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered and wondering as to the scope of the documents or information that will be provided as responsive." *Heller v. City of Dallas*, 303 F.R.D. at 487.

3. Initial Mandatory Disclosures

Plaintiff also moved to compel the proper production of certain documents produced with Initial Disclosures that were wholly redacted but for which no privilege log was provided. Again, repeated letters and phone calls to Defendant's counsel to resolve this issue were ignored, forcing Plaintiff to file his motion. The production of a fully redacted document without an appropriate withholding statement or privilege log is not an approved discovery method, and the refusal to engage with opposing counsel to resolve the dispute is discovery abuse.

4. Failure and refusal to produce adjusters for deposition

The evidence at the hearing revealed for over a year, Plaintiff requested deposition dates for the two adjusters who worked on Plaintiff's property damage claim. At the time of the hearing, Defendant had not produced either fact witness for deposition or even engaged in a discussion about dates on which they would be available to testify. This complete refusal, delay or obfuscation of Plaintiff's ability to engage in meaningful discovery cannot be tolerated in this court or frankly, any court.

5. Who is responsible for the discovery behavior at issue?

As set forth above, the specific counsel who filed the inappropriate motion for protection and rescheduled the deposition three times was not present at the hearing and does not work for Defendant's counsel any longer. She was also the primary contact who was ignoring Plaintiff's efforts to resolve the other discovery disputes. The evidence showed, however, that multiple members of Defendant's counsel were copied on Plaintiff's letters and emails that sought resolution of the discovery issues. (Doc. #20, p. 24.) At the hearing, Defendant's counsel also correctly pointed out that the inappropriate, boilerplate objections lodged to written discovery were prepared and served by previous counsel, which the undersigned acknowledges. However, the undersigned cannot ignore the fact that there has been no effort by current counsel to remedy these errors despite Plaintiff's repeated requests to address them. (Doc. #20, Ex. "A"-"M".)

When asked at the hearing, if the Defendant itself was responsible for the discovery behavior conducted on its behalf, Defendant's counsel answered, "no."

**C. Rule 37 Sanctions**

Plaintiff moved for sanctions under Federal Rule of Civil Procedure 37(d)(3) and requested sanctions including the attorney's fees and expenses incurred in responding to Defendant's last-

11

minute motion for protection and for having to file the motion to compel to obtain appropriate written discovery responses, unredacted initial disclosures and the depositions of two fact witnesses. As set forth above, Defendant filed no response to the motion to compel which included the request for sanctions. In the notice of hearing, the court advised the parties that the issues to be addressed would be the Defendant's motion for protective order, and Plaintiff's motion to compel and request for sanctions. Thus, the undersigned finds that the Defendant was notified and had an opportunity to be heard on the issue of sanctions.

In recommending the issuance of a sanction, the undersigned is guided by several principles. First, "a district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010). The court also has the power to sanction attorneys for bad faith conduct in litigation. *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001). The primary purpose of sanctions is to deter frivolous litigation and abusive tactics. *Topalian v. Ehrman,* 84 F.3d 433 (5th Cir. 1996) (unpublished).

Second, Federal Rule of Civil Procedure 37 governs sanctions for the failure to make disclosures or to cooperate in discovery. FED. R. CIV. P. 37. "Sanctions under Rule 37 serve the dual purpose of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

Both Federal Rule of Civil Procedure 37(a)(5)(A) and (B) and 37(d) are at issue. Rule 37(a)(5)(A) and (B) provide that if a motion to compel is granted or a motion for protective order is denied, the court must "after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable

expenses incurred in opposing the motion, including attorneys' fees." FED. R. CIV. P. 37(a)(5)(A), (B). Here, a motion for a protective order has been denied, and a motion to compel has been granted.

Finally, in *Smith & Fuller*, the Fifth Circuit advises that courts should first consider the severity of the violation. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486 (5th Cir. 2012). In determining the severity of the violation, the court considers the actual harm, and the court tailors the sanction to the harm caused. *Smith & Fuller,* 685 F. 3d at 490 ("A party can be held responsible only for the reasonable attorneys' fees and expenses caused by the party's misconduct.").

As outlined above, the undersigned concludes that Defendant's counsel filed the motion for a protective order to thwart an appropriate deposition, made boilerplate and improper objections to deposition topics and wholly failed to meet and confer to resolve any legitimate issues prior to seeking court intervention. Additionally, the undersigned concludes that defense counsel's failure to address, respond or even discuss the inappropriate objections lodged to written discovery, the redaction of documents without a privilege log or to arrange for the depositions of fact witnesses are discovery tactics that are unacceptable and, under the facts presented are not substantially justified. Moreover, they are incongruent with counsel's obligations to engage in the discovery process. *McLeod, Alexander, Powel & Apffell, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (noting that "counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests.") Because neither the author of the motion for protective order nor the author and signatory of the inappropriate discovery responses is before the court, the undersigned does not recommend a

13

sanction beyond that which is necessary to reimburse the Plaintiff for his attorneys' fees incurred in response to the inappropriate conduct under Rule 37.

Plaintiff's counsel provided the court with an affidavit seeking $10,450 in attorneys' fees necessitated by the conduct of Defendant's counsel. (Doc. 20, Ex. I.) Plaintiff's counsel asserted he spent 19 hours researching and preparing the response to the Motion for Protective order at his customary and reasonable hourly rate of $275.00 per hour. (*Id.*) The total claimed attorneys' fees for the response to the motion for protective order is $5,225.00. Given the breadth of the motion for protective order and the numerous objections lodged to the topics, the undersigned finds the number of hours to be reasonable. The undersigned also find counsel's hourly rate to be a reasonable rate here in the Eastern District of Texas, Beaumont Division.

Plaintiff also seeks $5,225.00 as attorneys' fees claiming that counsel spent an additional 19 hours drafting the motion to compel. The undersigned finds the number of hours to be, in part, unreasonable as the motion to compel is, in some measure, duplicative of the response to the motion for protective order. As a result, the undersigned cannot recommend payment of the full fee sought.

### III.   Conclusion

The undersigned concludes that Defendant's counsel improperly filed the motion for protection by failing to meet and confer with opposing counsel and failing to include a certificate of conference in violation of Rule 26 and the local rules. Moreover, the motion was not filed for a legitimate purpose and the objections to the deposition topics were improper. Further, Defendant's counsel repeatedly abused the discovery process by failing to (1) address the assertion of boilerplate and irrelevant objections, (2) provide properly verified interrogatory answers, (3)

provide a privilege log for redacted documents, and (4) schedule fact-witness depositions. The undersigned finds that the appropriate sanction is the payment of $7,500.00 in attorneys' fees.

### IV. Recommendation

Accordingly, the undersigned recommends that Plaintiff's request for attorneys' fees as sanctions, be **GRANTED** and that the Defendant's counsel should pay to Plaintiff the amount of $7,500.00 as reasonable attorney's fees under FED. R. CIV. P. 37 for the filing of the unjustified motion for protective order and for forcing Plaintiff to file a motion to compel to obtain legitimate discovery.

### V. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 16th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE