IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WILLIAM WHITEHEAD §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>UNITED PROPERTY & CASUALTY §<br>INSURANCE COMPANY. §<br>§<br>*Defendants*. §<br>§ | CASE NO. 1:20-CV-00420<br>JUDGE MICHAEL J. TRUNCALE |

### OPINION AND ORDER

Before the Court is Magistrate Judge Christine Stetson's report and recommendation to grant Plaintiff, WILLIAM WHITEHEAD's request for $7,500.00 in attorney's fees in sanctions against Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY. [Dkt. 29]. Forty-eight hours later, a settlement was reached, and the parties now seek to dismiss the case. [Dkts. 30, 32].

### ANALYSIS

Judge Stetson's findings of fact and conclusions of law are correct, and are **ADOPTED**, with a single modification, as explained further below. The Court will only reference the facts relevant to this Order.

The litigants were previously "specifically instructed to address in their closing documents whether the terms of their settlement [would] dispose of Judge Stetson's recommended sanction for Defense Counsel's discovery abuse." [Dkt. 31] (emphasis removed). That did not happen. The pending motion to dismiss only purports to dismiss claims between the parties, but does not address Defense Counsel's troubling "discovery abuse," which included:

1. Making "no attempt to meet and confer" before filing a motion for protection.
2. Not "bother[ing] to include a certificate of conference" in that motion.

3. Repeatedly "rescheduling [a] deposition" and then making "last minute, boilerplate objections to each topic" with the sole "desire to obstruct the taking of the corporate representative's deposition."

4. Including "improper citations to state law cases regarding discovery," "irrelevant federal cases," and "regurgitat[ing] almost entirely boilerplate objections to the deposition topics without merit."

5. Seeking to bar "sworn testimony" contradicting Defendant's "contentions and affirmative defenses."

6. Inappropriately "attempt[ing] to limit the testimony to only documents supporting" Defendant's claims.

7. Other "fail[ures] to properly engage in the discovery process," which evinced a general "disdain" for Plaintiff's "right to obtain relevant discovery," and included numerous examples of other "inappropriate" conduct.

[Dkt. 29 at 5–10]. Judge Stetson concluded that Defense Counsel's "complete refusal, delay, or obfuscation of Plaintiff's ability to engage in meaningful discovery cannot be tolerated in this court, or frankly, any court." This Court agrees.

District courts have the "inherent authority to impose sanctions" for bad faith conduct in litigation, in order to deter frivolous litigation and abusive tactics. *See Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010); *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001); *Topalian v. Ehrman,* 84 F.3d 433 (5th Cir. 1996) (unpublished). "Sanctions under Rule 37 serve the dual purpose of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

Tolerating blatant attempts to weasel out of sanctions, justly and deservedly imposed, would undermine the dual purposes of Rule 37. Nevertheless, recognizing that the moving party now seeks to settle this case, the Court will reduce the amount of attorney's fees imposed as a sanction. But make no mistake. **To ensure Defense Counsel and all other potential violators are aware that such conduct will *never* be permitted in the Eastern District or in any other court of law, sanctions will still be imposed.**

## CONCLUSION

It is therefore **ORDERED** that Magistrate Judge Stetson's *Report and Recommendation* to impose attorney's fees as a sanction [Dkt. 29] is **ADOPTED**, as modified.

It is further **ORDERED** that pursuant to the Court's collateral jurisdiction to impose sanctions,[1] Counsel for Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY is directed to pay to Plaintiff, WILLIAM WHITEHEAD **$500.00** in attorney's fees as a sanction for discovery abuse.

It is further **ORDERED** that pursuant to the same collateral jurisdiction, all Counsel of Record for Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY must complete **four (4) CLE hours on ethics or civil procedure**. Such hours are **not** permitted to be duplicative of any hours used to meet other CLE requirements. The attorneys subject to this sanction are further **INSTRUCTED** to **NOTIFY** the Court of their compliance, by filing *individual* signed and notarized affidavits **no later than 90 days from the date of this Order.**

It is further **ORDERED** that the *Motion to Dismiss* [Dkt. 32] is **GRANTED**. Plaintiff, WILLIAM WHITEHEAD's claims against Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that, with the exception of the $500.00 sanction imposed above, the Parties shall bear their own court costs and attorney's fees incurred.

**SIGNED this 22nd day of July, 2022.**

Michael J. Truncale
United States District Judge

---

[1] *Connor v. Stewart*, 840 Fed. App'x 769, 773 (5th Cir. 2020) ("A court may consider collateral issues even when an action is no longer pending . . . [s]anctions . . . are part of a court's collateral jurisdiction").